IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID PRIEN-PINTO,<br><br>Defendant. | CR-23-96-GF-BMM<br><br>**AMENDED ORDER** |

Defendant David Prien-Pinto's (Prien-Pinto) Unopposed Motion to Continue Trial (Doc. 33) is now before the Court. Plaintiff has no objection.

Prien-Pinto is requesting a 60-day continuance of the current trial setting of February 13, 2024. Prien-Pinto requests this continuance to allow sufficient time to review voluminous discovery with his counsel. Because of this, a continuance is warranted. A district court may grant a continuance and exclude the time period of the continuance from the calculation of the speedy trial date when "the ends of justice served by [the continuance] outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. §3161(h)(7)(A). In determining whether an "ends of justice continuance" is appropriate, a district court must consider, inter

1

alia, whether the failure to grant the continuance will result in a miscarriage of justice; whether the case is so unusual or complex that it is unreasonable to expect adequate preparation within the time limits imposed by the Speedy Trial Act; and whether the case, while not complex or unusual, would nonetheless deny counsel the reasonable time necessary for effective preparation. *Id*. at 18 U.S.C. §3161(h)(7)(B). An "ends of justice continuance…must be specifically limited in time [and] must be justified on the record with reference to the facts as of the time the delay is ordered." *United States v. Lloyd*, 125 F.3d 1263, 1268 (9th Cir. 1997). Any additional time is properly excluded under the Speedy Trial Act "only if the district court makes certain findings enumerated in [§3161(h)(7)]." *Bloate v. United States*, 130 S. Ct. 1345, 1351 (2010).

Prien-Pinto is charged with Conspiracy to Distribute Fentanyl, in violation of Title 21 U.S.C. §846; Possession with Intent to Distribute Fentanyl, in violation of Title 21 U.S.C. §841(a)(1) and Title 18 U.S.C. §2; and Criminal Forfeiture, in violation of 21 U.S.C. §853, 881. The crimes allegedly occurred beginning on or around May 31, 2023 in or around Cascade and Mineral Counties, in the State and District of Montana. If convicted, Prien-Pinto faces a potential sentence of 40 years of imprisonment.

A continuance of the trial is appropriate under 18 U.S.C. §§3161(h)(7)(A), (B)(i) and (B)(ii). The ends of justice served by a continuance outweigh the

interests of the Defendant and the public in a speedy trial. The failure to grant a continuance would deny Prien-Pinto and his counsel the reasonable time necessary for effective trial preparation, resulting in a potential miscarriage of justice. Accordingly, **IT IS HEREBY ORDERED** that Prien-Pinto's Motion to Continue (Doc. 33) is **GRANTED. IT IS HEREBY ORDERED** that the final pretrial conference and jury trial set for February 13, 2024 are **VACATED**. The following schedule shall apply**:** The final pretrial conference is rescheduled for **April 16, 2024 at 8:30 a.m.** The parties are to report to the chambers of the undersigned. The jury trial is rescheduled for **April 16, 2024 at 9:00 a.m.** in the Charles N. Pray Courtroom at the Missouri River Federal Courthouse, Great Falls, Montana. The motions deadline is **March 15, 2024**. The plea agreement/notice of intent to proceed to trial deadline is **April 2, 2024**. Expert reports are due on or before **April 4, 2024**. The JERS disc, Jury Instructions and Trial Briefs are due by **April 9, 2024**. **All time between the date of this Order and April 16, 2024 shall be excluded for purposes of speedy trial**.

Dated this 5th day of January, 2024.

_____
Brian Morris, Chief District Judge
United States District Court